23-1168
*Brandon v. Khan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

FRANK BRANDON,

> *Plaintiff-Appellant,*

> v.                                                      No. 23-1168

NYPD POLICE OFFICER TUHIN KHAN,

> *Defendant-Appellee.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | ALEXIS G. PADILLA, Brooklyn, NY. |
| **For Defendant-Appellee:** | SUSAN PAULSON (Rebecca L. Visgaitis, *on the brief*), Of Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 27, 2023 judgment of the district court is **AFFIRMED**.

Frank Brandon appeals from the district court's grant of summary judgment in favor of police officer Tuhin Khan on Brandon's claim pursuant to 42 U.S.C. § 1983 for malicious prosecution. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.[1]

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). Summary judgment is

---

[1] The district court also granted summary judgment in favor of police officer Paul Dumanovsky on Brandon's section 1983 claims for false arrest and malicious prosecution, and the City of New York on his claim for municipal liability. Brandon expressly abandoned his claims against these defendants in the district court and does not press them on appeal. He also does not challenge the district court's grant of summary judgment in favor of Khan on the false arrest claim.

appropriate "only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The parties do not meaningfully dispute the material facts, which the district court summarized in detail below and we briefly recount here. On November 19, 2019, Khan arrested Brandon at the scene of a car accident on suspicion of driving while intoxicated, after an eyewitness told Khan that Brandon had driven into oncoming traffic and struck his vehicle in a near head-on collision. Before placing Brandon under arrest, Khan also personally observed that Brandon was unsteady on his feet and had difficulty maintaining his balance. At the police precinct, Brandon took a breathalyzer test that detected no alcohol on his breath. But an officer who was state-certified as a Drug Recognition Expert ("DRE") advised Khan that, based on Brandon's physical appearance and his failure to successfully complete numerous field tests, Brandon was under the influence of a narcotic analgesic and could not operate a vehicle safely. Later that evening, after complaining of a headache, Brandon was transported from the precinct to the hospital, where he remained for the next four days. While in the hospital, doctors

3

informed him that he had suffered a stroke. At some point after Brandon returned to the precinct, another officer told Khan that Brandon had received treatment for a stroke. That same day, sometime before or after this exchange, Khan issued a Desk Appearance Ticket ("DAT") against Brandon charging him with operating a vehicle while impaired by drugs. Brandon ultimately appeared in court "three or four" times on the charge before it was dismissed. App'x at 169–70.

On appeal, Brandon argues that the district court improperly dismissed his claim for malicious prosecution against Khan, based on its finding that Khan had probable cause to initiate charges notwithstanding any awareness on his part that Brandon had suffered a stroke. We disagree.

The "existence of probable cause is a complete defense to a claim of malicious prosecution," *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), and an officer is entitled to qualified immunity as to that claim "if he had either probable cause or arguable probable cause," *Dufort v. City of New York*, 874 F.3d 338, 354 (2d Cir. 2017) (internal quotation marks omitted). When assessing probable cause, we look to the facts known or reasonably believed by the officers at the initiation of the prosecution, not the arrest. *See Rothstein v. Carriere*, 373 F.3d

4

275, 292 (2d Cir. 2004). Nevertheless, probable cause existing at the time of an individual's arrest continues to support his prosecution and only dissipates if "the groundless nature of the charges [has been] made apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996); *see also Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause is a defense to a claim of malicious prosecution if it is not later nullified by information establishing the defendant's innocence.").

Arguable probable cause, in turn, "exists if officers of reasonable competence could disagree on whether" probable cause exists. *Dufort*, 874 F.3d at 354 (internal quotation marks omitted). In other words, an officer is entitled to qualified immunity "unless no reasonably competent officer could have concluded, based on the facts known at the time[,] . . . that probable cause existed." *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (internal quotation marks omitted); *see also Dancy v. McGinley*, 843 F.3d 93, 106 (2d Cir. 2016) ("[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." (internal quotation marks omitted)).

Brandon does not dispute that Khan had probable cause to support his arrest. Instead, he primarily argues that the question of whether that probable

5

cause had dissipated at the time Khan issued the DAT, given the intervening information about Brandon's stroke, "is one for a jury to decide." Brandon Br. at 8. This argument is deficient for two reasons. First, we have long recognized that "where there is no dispute as to" the facts underpinning the probable cause determination, "the existence of probable cause is a question of law for the court." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007); *see also Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007) ("The ultimate question of whether . . . officers of reasonable competence could disagree as to the lawfulness of [their] conduct[] is to be decided by the court."). That is the case here, where the district court resolved a factual gap in the record – *i.e.*, whether Khan learned of Brandon's stroke before or after issuing the DAT – in Brandon's favor and then properly decided the question of law regarding the existence of probable cause.

Second, and perhaps more fundamentally, Brandon has not contested the district court's alternative holding that Khan had "arguable probable cause" to prosecute Brandon and was therefore entitled to qualified immunity on his malicious prosecution claim. This failure to challenge the district court's arguable probable cause finding is fatal to Brandon's appeal, since he has forfeited any argument relating to that aspect of the district court's ruling. *See Jusino v.*

6

*Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 107 (2d Cir. 2022) ("[W]here a district court's ruling is not challenged in an appellant's briefs on appeal, we consider any appeal of that ruling to be forfeited.").

In any event, even if we were to overlook Brandon's forfeiture, we see no error in the district court's conclusion that Khan had, at the very least, arguable probable cause to prosecute, based on the eyewitness's statements, Khan's own observations of Brandon at the accident scene and precinct, and the DRE's determination that Brandon was under the influence of a narcotic analgesic. The record contained no evidence establishing when exactly Brandon suffered his stroke in relation to the car accident, let alone whether such information was available to Khan at the time he issued the DAT. The fact that Brandon suffered a stroke at some unspecified time – perhaps before, perhaps after the traffic accident – would not have led a reasonable police officer to conclude that no probable cause existed to proceed with the charge. And while "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause," *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983), Brandon makes no attempt to explain why the general report of his stroke required Khan to investigate further, or what an investigation of the then-available

information would have uncovered.   In short, "even with distance and [this] new information," we cannot conclude in these circumstances that it was "manifestly unreasonable" for Khan "to charge" Brandon as he did.   *Lowth*, 82 F.3d at 572; *see also Figueroa*, 825 F.3d at 100 ("[The qualified immunity inquiry is] whether any reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, could have determined that the challenged action was lawful." (emphases omitted)).

We have considered Brandon's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court